UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOY MALCOM,

                Plaintiff,

– *against* –

AZCONA & SONS TRANSPORT LLC *and* PEDRO DELOSSANTOS-VENTU,

                Defendants.

**ORDER**

20 Civ. 3786 (ER)

Rᴀᴍᴏs, D.J.:

      This Court has an independent obligation to assure itself of its subject matter jurisdiction. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). In a case brought under a federal court's diversity jurisdiction, all parties must be completely diverse. 28 U.S.C. § 1332. Limited liability companies ("LLCs") take the citizenship of their members. *See Aladdin*, 692 F.3d at 49. "The citizenship of the members of an LLC is traced all the way through — that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on." *Jakks P., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017) (citing *Aladdin*, 692 F.3d at 49 (2d Cir. 2012)), *aff'd* 727 F. App'x 704 (D.C. Cir. 2018).

      The defendants' petition for removal, Doc. 1, invokes this Court's diversity jurisdiction but does not allege the citizenship of the members of Azcona & Sons Transport LLC. Accordingly, the defendants are ordered to show cause why this

2

Complaint should not be remanded *sua sponte* for lack of subject matter jurisdiction by June 1, 2020.

It is SO ORDERED.

Dated:   May 18, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2